# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL STALIN MENDEZ, | Civil Action No. 3: 16-cv-0041 |
| Petitioner, | United States District Judge |
| v. | Kim R. Gibson |
| S. M. KUTA, Warden, | United States Magistrate Judge |
| Respondent. | Cynthia Reed Eddy |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" filed by Petitioner, Miguel Stalin Mendez, be summarily dismissed.

### II.  REPORT

Petitioner, Miguel Stalin Mendez ("Petitioner" or "Mendez"), is a federal inmate currently incarcerated at Moshannon Valley Correctional Center in Philipsburg, Pennsylvania. Petitioner alleges that his home detention eligibility is 3/3/2016[1] and the warden has denied his request for early deportation to his native country. By means of the Petition, Mendez seeks to have this Court order his immediate deportation, notwithstanding the fact that he has not yet fully served his federal sentence. ECF No. 1.

---

[1] The actual date for Mendez's home detention eligibility is unclear. In Paragraph 13 – Grounds One and Three, the Petition reflects that Mendez's home detention eligibility date is 3/3/2016; yet in Paragraph 13 – Ground Two, the date of home detention eligibility is reflected as 3/11/2016. The Request for Relief in the Petition reflects the home detention eligibility date as March 3, 2016, but in the Request for a Court Order, attached to the Petition, the home detention eligibility date is reflected as March 11, 2016.

Because Petitioner has no federal constitutional or statutory right to be immediately deported before the expiration of his criminal sentence, the Petition should be dismissed prior to being served.

### A. Pre-Service Dismissal of Section 2241 Petitions

Section 2243 of Title 28 of the United States Code provides for summary dismissals before service of writs of habeas corpus filed pursuant to 28 U.S.C. § 2241. Section 2243 provides in relevant part that a "court, justice or judge entertaining an application for a writ of habeas corpus [i.e., a Section 2241 petition] shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." This Court concludes that it plainly appears from the Petition that Osagie is not entitled to any federal habeas relief.

### B. Discussion

The present Petition can be disposed of easily. Petitioner relies on 8 U.S.C. § 1231(a)(4)(B). This provision gives the Attorney General authority to remove an alien before the alien has completed a sentence of imprisonment if the Attorney General determines that "the alien is confined to a final conviction for a nonviolent offense" and "the removal of the alien is appropriate and in the best interest of the United States." 8 U.S.C. § 1231(a)(4)(B)(i). However, the statute creates no private cause of action and vests the Attorney General, not the district court, with the authority to curtail a prison sentence for the purpose of deportation. *United States v. Marin-Castaneda*, 134 F.3d 551, 556 (3d Cir. 1998). A district court cannot *sua sponte* issue a deportation order without a request from the United States Attorney. 8 U.S.C. § 1231(a)(4)(B). Further, an alien lacks standing to enforce 8 U.S.C. § 1231(a)(4)(B). *Marin-Castaneda*, 134 F.3d

at 556 (citing *Thye v. United States*, 109 F.3d 127, 129 (2d Cir. 1997)). Thus, it is clear that the Court cannot grant any relief to Mendez, and for these reasons it is recommended that the Petition be summarily dismissed.

**Conclusion**

For all of the above reasons, the Court recommends that the Petition for Writ of Habeas Corpus be summarily dismissed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Petitioner is allowed fourteen (14) days after service of this Report and Recommendation, to file written Objections to this Report and Recommendation. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: February 16, 2016

cc: MIGUEL STALIN MENDEZ
67357-054
Moshannon Valley Correctional Center
555 Geo Drive
Philipsburg, PA 16866
(via U.S. First Class Mail)